**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| RALPH C. LAUFFER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 06-3413-CV-S-RED |
| | ) | Crim No. 04-3045-07-CR-S-RED |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Now before the Court is Movant Ralph Lauffer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#1). After careful consideration, Movant's motion is **DENIED**.

**BACKGROUND**

On April 21, 2005, movant pled guilty to three counts of an indictment that charged him with violating 21 U.S.C. § 841(c)(2) by possessing and distributing pseudoephedrine. After sustaining movant's objection to a two-point enhancement for movant's leadership role in the offenses and after awarding movant credit for acceptance of responsibility, the Court determined that movant's base offense level was 25 under U.S.S.G. § 2D1.11(d)(6), and his punishment range was 57 to 71 months. At the October 14, 2005, sentencing hearing, Movant's counsel argued that movant should be sentenced below the guideline range in light of his service to the community and lack of criminal history. The Court agreed with the argument and sentenced movant to 30 months incarceration.

Movant filed a motion under 28 U.S.C. § 2255 on October 13, 2006. Movant argues that his sentence should be reduced because the Court failed to sentence him according to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, commonly and collectively referred to as the "Safety Valve Statute."

Movant also argues that his counsel was ineffective for failing to mention the safety valve statute during his sentencing hearing and for failing to file sufficient objections to the presentence investigation report.

## DISCUSSION

*The Safety Valve Statute Does Not Apply.*

Section 3553(f) of Chapter 18 of the United States Code permits the Court to "impose a sentence pursuant to [the sentencing] guidelines . . . without regard to any statutory minimum sentence" in certain circumstances. Section 5C1.2 of the United States Sentencing Guidelines similarly recommends that the Court "impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence" in certain circumstances.

The statute that movant pled guilty to violating, 21 U.S.C. § 841(c)(2), does not contain a minimum sentence. Accordingly, there is not a statutory minimum sentence for the Court to disregard, and the safety valve statute does not apply to movant's case. Moreover, the safety valve statute permits the Court to deviate from a statutory minimum sentence only to the extent that the Court sentences the defendant within the sentencing range recommended by the guidelines. Movant is not asking that the Court impose a sentence according to the guidelines as such a sentence would exceed the 30-month sentence the Court originally imposed.

Movant cites *U.S. v. Feingold*, 454 F.3d 1001, 1013-14 (9th Cir. 2006) and argues that the safety valve statute requires a reduced sentence regardless of whether a statutory minimum sentence exists. Movant has misinterpreted the *Feingold* case. *Feingold* holds that the two-point reduction available under U.S.S.G. § 2D1.1(b)(9) applies regardless of whether a statutory minimum sentence exists when a person sentenced pursuant to that section qualifies for protection under the safety

2

valve statute. Movant is not entitled to this two-point reduction because his sentencing range was correctly calculated pursuant to U.S.S.G. § 2D1.11 not U.S.S.G. § 2D1.1.

The safety valve statute does not apply, and the Court will not reduce movant's sentence.

### *Movant's Counsel was not Ineffective.*

"To establish a claim of ineffective assistance of counsel, [movant] must demonstrate that (1) his trial counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) the deficiency in the trial counsel's performance was prejudicial to the defense." *Link v. Luebbers*, 469 F.3d 1197, 1202 (8th Cir. 2006) (citing *Strickland v. Washington,* 466 U.S. 668, 687-92 (1984)).

Movant first argues that his counsel was ineffective because his attorney failed to argue that the safety valve statute should apply. Because the safety valve statute does not apply to movant's case, counsel's failure to mention the statute was reasonable, and movant was not prejudiced by his attorney's failure to argue that the statute should apply.

Movant next argues that his counsel was ineffective for failing to file sufficient objections to the presentence investigation report. Movant's counsel filed two objections to the report, and he advised movant not to file additional objections because it would compromise his ability to argue that the Court should sentence below the range advised by the report. Counsel's decision to argue that the Court should sentence below the guideline range instead of arguing about the correct range to use was a strategy decision. Strategy decisions by counsel are "virtually unchallengeable unless they are based on improper investigation." *Link*, 469 F.3d at 1204. Movant has not established that his attorney's decision not to file additional objections to the presentence investigation report was based on improper investigation. Moreover, counsel's strategy resulted in movant being sentenced

to a term of imprisonment that was 27 months less than the minimum term advised by the sentencing guidelines. Counsel's strategy decision was reasonable, and movant was not prejudiced by the decision. Movant's counsel was not ineffective.

## CONCLUSION

Movant Ralph Lauffer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#1) is **DENIED**.

**IT IS SO ORDERED**.

DATED:   January 10, 2007                         */s/ Richard E. Dorr*
                                                                     RICHARD E. DORR, JUDGE
                                                                     UNITED STATES DISTRICT COURT